UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**OAK HAVEN MANAGEMENT L L C**     CASE NO.  2:21-CV-01273

**VERSUS**                          JUDGE JAMES D. CAIN, JR.

**STARR SURPLUS LINES INSURANCE CO**  MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 10] brought by defendant Starr Surplus Lines Insurance Company and seeking dismissal of the action on the basis of *forum non conveniens*, due to a forum selection clause in the insurance policy at issue. Plaintiff Oak Haven Management LLC opposes the motion. Doc. 16.

## I.
### BACKGROUND

This suit arises from a first-party insurance dispute following property damage incurred by plaintiff in Hurricane Laura and Hurricane Delta, in August and October 2020. Plaintiff owns retirement homes in Southwest Louisiana, which were at all relative times insured under a surplus lines policy issued by defendant.[1] The policy contains the following forum selection clause:

> **e. Choice of Law and Choice of Venue**
>
> No suit, action, or proceeding regarding this POLICY for the recovery of any claim shall be sustainable in any court of law or equity unless the Insured shall have fully complied with all the requirements of this POLICY. The

---

[1] The properties at issue in this matter are The Guardian House and The Gardens, located in Lake Charles, Louisiana; and The Golden Age of Welsh, located in Welsh, Louisiana.

> COMPANY agrees that any suit, action, or proceeding against it for recovery of any claim under this POLICY shall not be barred if commenced within the time prescribed in the statutes of the State of New York. **Any suit, action, or proceeding against the COMPANY must be brought solely and exclusively in a New York state court or a federal district court sitting within the State of New York.** The laws of the State of New York shall solely and exclusively be used and applied in any such suit, action, or proceeding, without regard to choice of law or conflict of law principles.

Doc. 10, att. 3, p. 26 (emphasis added).

The properties sustained damage in the hurricanes that struck Southwest Louisiana in August and October 2020. Following disagreements with defendant over the amount of these damages, plaintiff filed suit in this court raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1. It invoked the court's diversity jurisdiction under 28 U.S.C. § 1332. Defendant now brings this motion to dismiss, seeking to enforce the forum selection clause. Plaintiff opposes the motion, arguing that the clause is unenforceable because it violates Louisiana public policy or, alternatively, that defendant has waived its right to enforce the clause through its substantial participation in the Streamlined Settlement Process mandated by this court for first-party insurance claims arising from Hurricanes Laura and Delta. *See* doc. 3.

## II.
## LAW & APPLICATION

### A. *Legal Standard*

Though formerly approached through a motion to dismiss for improper venue, forum selection clauses are now enforced through a motion for transfer of venue under 28 U.S.C. § 1404(a). *Weber v. PACT XPP Technologies AG*, 811 F.3d 758, 767 & n. 9 (5th Cir. 2016) (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Tex.*,

571 U.S. 49 (2013)). When there is a valid forum selection clause, the plaintiff's choice of forum and private interest factors merit no weigh in light of the parties' agreement as to the proper forum. *Atl. Marine*, 571 U.S. at 63. Instead, the plaintiff bears the burden of showing that transfer to the bargained-for forum is unwarranted based on public interest considerations. *Id.* It may prevail by showing that enforcement of the clause violates a "strong" or "fundamental" public policy of the forum state. *Barnett v. DynCorp. Internat'l, LLC*, 831 F.3d 296, 303–04 (5th Cir. 2016).

### B. Application

Plaintiff does not dispute that the forum selection clause was validly incorporated into the policy at issue, or that its terms encompass the claims in this matter. It maintains, however, that the clause should not be enforced because it violates a strong public policy expressed in Louisiana Revised Statute 22:868(A), which forbids forum selection clauses and arbitration clauses in insurance contracts. Specifically, the statute provides:

> A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement either:
>     (1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country.
>     (2) Depriving the courts of this state of the jurisdiction or venue of action against the insurer.

La. Rev. Stat. 22:868(A).

Defendant argues that this public interest was insufficient to bar enforcement of a forum selection clause in *Al Copeland Investments, LLC v. First Specialty Insurance Co.*,

884 F.3d 540 (5th Cir. 2018). *Copeland*, however, was decided based on an earlier version of § 22:868(A), which only forbade a "condition, stipulation, or agreement . . . depriving the courts of Louisiana of the jurisdiction of action against the insurer." *Id.* at 543 (alterations omitted). The Fifth Circuit noted that the statute said nothing about venue, a separate concept from jurisdiction, and found no basis for concluding that Louisiana had a strong public policy against forum selection clauses in insurance contracts. *Id.* at 544–45.

The statute was amended in 2020, effective August 1 of that year, with the addition of "or venue" at § 22:868(A)(2)—resulting in a clear limitation on forum selection clauses. *See* 2020 La. Sess. Law Serv. Act 307 (S.B. 156) (WEST). State and federal courts have found similar statutes to evince a strong public policy against forum selection clauses in other types of contracts.[2] Defendant argues, however, that the court must hew to the prior version of the statute rather than retroactively applying the amended version. As the United States Supreme Court has observed:

> A statute does not operate "retrospectively" merely because it is applied in a case arising from conduct antedating the statute's enactment, or upsets expectations based in prior law. Rather the court must ask whether the new provision attaches new legal consequences to events completed before its enactment.

*Landgraf v. USI Film Products,* 511 U.S. 244, 269, 114 S.Ct. 1483, 1499, 128 L.Ed.2d 229, 254 (1994) (internal citations omitted), *quoted in Walls v. Am. Optical Corp.*, 740

---

[2] *See, e.g.*, *Westbrook v. Pike Elec., LLC*, 799 F.Supp.2d 665, 770 (E.D. La. 2011) (concerning the prohibition on forum selection clauses in certain employment contracts under La. Rev. Stat. 23:921A(2)); *Sawicki v. K/S Stavanger Prince,* 802 So.2d 598 (La. 2001) (same); *Ha Thi Le v. Lease Finance Group, LLC*, 2017 WL 2915488, *4–5 (E.D. La. May 9, 2017) (ban on forum selection clauses in leases of movables under La. Rev. Stat. 9:3303(F)); *Builder's Iron, Inc. v. Western Sur. Co.*, 2012 WL 2406026, *2–3 (E.D. La. June 25, 2012) (La. Rev. Stat. 9:2779A's prohibition on forum selection clauses in certain construction contracts).

4

So.2d 1262, 1266 (1999). The Louisiana Supreme Court holds that a statute only acts retroactively when it "either (1) evaluates the conditions of the legality of a past act, or (2) modifies or suppresses the effects of a right already acquired." *Walls*, 740 So.2d at 1267. On the first question, it is the present enforceability of the forum selection clause that concerns the court. On the second, plaintiff's cause of action—and therefore defendant's right to invoke the forum selection clause—did not accrue until after the statute's amendment. Like the statutory employer defense (Louisiana Revised Statute § 23:1032) under consideration in *Walls*, § 22:868(A) is not properly characterized as a substantive law or one governing defendant's past conduct. Instead, it is a procedural limitation on the right of defendant insurers to transfer suits to out-of-state courts. Even if the cause of action had accrued before the statute's amendment, the Louisiana Supreme Court has also determined that laws prohibiting forum selection clauses are procedural in nature and may be applied retroactively to causes of action accruing before their effective date unless the legislature expresses otherwise. *Sawicki v. K/S Savanger Prince*, 802 So.2d 598 (La. 2001). The application of § 22:868(A), as amended, thus poses no retroactivity problems.

  The court also rejects defendant's argument that the reference to "courts of this state" limits the statute's application to cases filed in state courts. Defendant provides no support for this assertion, and such language has been held to embrace the federal courts sitting within a state. *E.g.*, *Woods v. Interstate Realty Co.*, 337 U.S. 535, 538 (1949) (holding that a statute prohibiting certain persons from bringing suit in Mississippi under a statement prohibiting suits "in courts of this State" applied to Mississippi federal courts).

In its reply brief, defendant notes that § 22:868(D), which was enacted at the same time as the amendment to § 22:868(A), permits forum selection clauses in insurance contracts not subject to regulation by the Department of Insurance. It maintains that this provision undermines any determination that the statute contains a strong public policy directive against forum selection clauses. The court rejects this argument. The fact that the legislature regards some insurance contracts as beyond its reach does not show that the limitations are any less important for the contracts that are governed by the statute. The fact that the legislation was passed so recently, and so soon after the Fifth Circuit determined that the prior version of § 22:868(A) had no effect against forum selection clauses, further supports its significance in state policy concerns. As with the cases cited *supra* at note 2, the Louisiana legislature's prohibition against forum selection clauses in insurance contracts reflects a strong public interest in having disputes over policies covering Louisiana residents or property decided locally. Accordingly, the forum selection clause is unenforceable in this matter.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 10] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 9th day of September, 2021.

*/s/ James D. Cain, Jr.*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

6